**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDRES CAMILO HERRERA FONSECA** | : | |
| **Petitioner,** | : | **3:26-cv-2024** |
| | : | **(JUDGE MARIANI)** |
| **v.** | : | |
| **CRAIG LOWE, WARDEN OF THE PIKE COUNTY CORRECTIONAL FACILITY, *et al.*,** | : | |
| **Respondents.** | : | |

**MEMORANDUM OPINION**

## I. BACKGROUND

Petitioner Andres Camilo Herrera Fonseca ("Petitioner"), a citizen of Colombia residing in the United States since 2024, filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is detained at the Pike County Correctional Facility within the Middle District of Pennsylvania and names as Respondents Craig Lowe, Warden of the Pike County Correctional Facility and numerous other government officials and agencies. (*Id.* at ¶¶ 4-9).

Petitioner alleges he "has been physically present in the United States since he crossed the border on December 29, 2024" and was "admitted as an arriving alien." (*Id.* at 2). He was issued a Notice to Appear charging him as removable pursuant to 8 U.S.C. §

1182(a)(7)(A)(i) for lacking valid entry document, granted parole, and released on his own recognizance. (*Id.*); (Doc. 6-3).

On July 13, 2026, Petitioner was arrested and detained by ICE. (*Id.*, ¶ 6). He has remained detained without bond since and seeks his immediate release from custody. Petitioner alleges he has no criminal history and no final order of removal.

Petitioner claims he is being unlawfully detained by Respondents without a bond hearing under the mandatory detention provision of the INA, 8 U.S.C. § 1225(b), instead of the discretionary detention provision of the INA, 8 U.S.C. § 1226(a). This distinction matters because noncitizens detained pursuant to 8 U.S.C. § 1225(b) are not entitled to a bond hearing, whereas noncitizens detained pursuant to 8 U.S.C. § 1226(a) are entitled to a bond hearing before an Immigration Judge ("IJ"). *Patel v. O'Neil*, 2025 WL 3516865, at *2 (M.D. Pa. Dec. 8, 2025) (citations omitted). Petitioner further claims that his detention without a bond hearing violates his due process rights under the Fifth Amendment to the United States Constitution.

The Respondents do not dispute the factual allegations contained in the petition. Rather, the Respondents set forth legal arguments as to why Petitioner's detention is lawful under 8 U.S.C. § 1225(b) because he is an "arriving alien." But, as discussed more fully below, Respondents' interpretation of the INA—the same one they advance here—has already been rejected by this Court and the overwhelming majority of federal judges to address this issue. *See Patel*, 2025 WL 3516865, at *4 n.7 (M.D. Pa. Dec. 8, 2025

(collecting cases). Indeed, the United States Court of Appeals for the Second Circuit rejected the same interpretation advanced by the Respondents. *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026) ("Today, although we part ways with two other circuits that have addressed this question, we join the overwhelming majority of federal judges across the Nation to consider it and conclude that the government's novel interpretation of the immigration statutes defies their plain text. That text makes clear that Section 1226(a) governs detention of noncitizens like Petitioner. Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter."). The United States Court of Appeals for the Sixth, Tenth, and Eleventh Circuits have also rejected the Respondents' interpretation of the statutory provision at issue here. *See Hernandez Alvarez v. Warden Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1262 (11 Cir. 2026) ("We are unpersuaded by the Government's re-interpretation of § 1225(b)(2)(A)."); *see also Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) (similar); *Santillian Quiroz v. Mullin*, __ F.4th __, 2026 WL 1876709 (10th Cir. June 30, 2026) (similar).

## II. STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a

federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III. ANALYSIS

Although not raised by either party, the Court has jurisdiction to consider the petition.[1]

Turning to the merits of the petition, like many other similar situated immigration detainees, Petitioner argues that he is not subject to Section 1225(b) mandatory detention because he has been residing in the United States for years. Unlike the typical immigration habeas case, *see Patel*, 2025 WL 3516865, Petitioner was granted discretionary parole and released into the United States on his own recognizance. The Court agrees with Petitioner

1 The Court incorporates by reference its prior analyses set forth in similar habeas petitions filed by civil immigration detainees. *See Patel*, 2025 WL 3516865, at *1-7; *see also Richeme v. Warden*, 2026 WL 937546, at *1-7 (M.D. Pa. Apr. 7, 2026). Furthermore, Petitioner is not required to exhaust his administrative remedies. *Id.*

that Section 1225(b) does not apply to him, because his “grant of discretionary parole” and his release from custody into the United States in 2024, “means that he is no longer ‘seeking admission’ within the meaning of § 1225(b).” *Saidov v. Jamison*, 2026 WL 789087, at *3 (E.D. Pa. Mar. 20, 2026); *see also Richeme*, 2026 WL 937546, at *6 (same). As such, the Court will order Respondents to immediately release Petitioner.

Respondents claim that Petitioner’s legal status as an inadmissible arriving alien subject to mandatory detention is not changed by the DHS’s grant of discretionary parole. Federal district courts in this Circuit, however, disagree with Respondents’ contentions, finding persons similarly situated to Petitioner can be detained, if at all, pursuant to 8 U.S.C. § 1226(a). *See, e.g.*, *Richeme*, 2026 WL 937546, at *6 (collecting cases); *Saidov*, 2026 WL 789087, at *3 (“Respondents assert that the present case is an ‘Arriving Alien’ case, which they define as ‘individuals who presented at a port of entry without valid entry documents, were paroled into the country under 8 U.S.C. § 1182(d)(5)(A), and, after a passage of time, recently detained under 8 U.S.C. § 1225(b)(2)(A). While Respondents distinguish this category of cases from ‘Hurtado cases,’ they note that both categories share the same authority for mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Thus, the Court’s statutory analysis above applies in this so-called “Arriving Alien” category of cases.”); *Gagiev v. Rose*, 2026 WL 657739, at *1 (E.D. Pa. Mar. 3, 2026) (granting habeas relief to alleged “arriving alien” where petitioner “was granted humanitarian parole upon his entry to the United States, and that parole was terminated”); *Id.* at *10 (“Nor is [petitioner] subject to

mandatory detention under section 1225(b) by virtue of the termination of his parole. In reaching this conclusion, we concur with the persuasive interpretations of numerous courts, both in this district and across the country, which have found that section 1225(b) does not authorize expedited removal and detention of noncitizens who were paroled in the United States under section 1182(d)(5)(A).") (collecting cases); *Vasquez-Rosario v. Noem*, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026) (similar).

There are two statutory provisions of the INA at issue in this matter. 8 U.S.C. § 1225(b) is a statute entitled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing." It provides, in relevant part:

> **(b) Inspection of applicants for admissions**
> **(2) Inspection of other aliens**
> **(A) In General**
> Subject to subparagraph (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a [removal proceedings] of this title.

8 U.S.C. § 1225(b)(2)(A). 8 U.S.C. § 1226, in contrast, is entitled "Apprehension and detention of aliens." It provides, in relevant part:

> **(a) Arrest, detention, and release**
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

> (B) conditional parole; but
>
> (3) may not provide the alien with work authorization (including an 'employment authorized' endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

8 U.S.C. § 1226(a). Respondents are detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A). It is undisputed that Petitioner has never been charged with or convicted of a criminal offense and does not have a final order of removal.

As the Court previously found, "the overwhelming majority of federal district courts that have addressed this issue have interpreted the INA to find that persons similarly situated to Petitioner—noncitizens who previously entered the United States and are currently residing in the United States—are not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) but instead are subject to the discretionary detention pursuant to 8 U.S.C. § 1226(a) and accordingly are entitled to a bond hearing." *Patel*, 2025 WL 3519895, at *4 (collecting cases). "These courts have further found that the statutory provisions of the INA that Respondents' claim divest this Court of jurisdiction do not apply to persons similarly situated to Petitioner and that there is no need to exhaust administrative remedies prior to filing a habeas petition." *Id.*

As before, "the Court finds that the near universal rejection of Respondents' interpretation of the INA by federal district courts to be highly persuasive and will adopt the same approach." *Id.* at *5. Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A) is unlawful under the INA because the plain language of this provision and the statutory framework of

the INA compels a finding that § 1225(b)(2)(A) applies only to noncitizens who are affirmatively seeking admission to the United States, not noncitizens like Petitioner who have resided in the United States for years.[2] *See Bethancourt Soto v. Soto*, 807 F. Supp. 3d. 397, 408 (D.N.J. 2025) ("For all these reasons, the Court concludes that § 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States. Accordingly, it does not apply to individuals like Petitioner, who has been residing in the United States 'for over seven years.'"); *see also Patel*, 2025 WL 3516865 at *5 (same).

Like other Courts to address this issue, the Court finds that Respondents' interpretation of the phrase "seeking admission" violates the rule against surplusage, would negate the plain meaning of the text, and make redundant Section 1226(c) mandatory detention of noncitizens who have committed or are charged with certain specified crimes.[3] *See Centeno Ibbara*, 2025 WL 3294726, at *5-6 ("The government's interpretation of §

---

2 The Supreme Court has also acknowledged that 8 U.S.C. § 1226 "generally governs the process of arresting and detaining ... ***aliens already in the country pending the outcome of removal proceedings***." *Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018) (emphasis added); *Id.* at 303 ("As noted, § 1226 applies to aliens already present in the United States."). In addition, despite the Board of Immigration Appeals holding in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like Petitioner, "[t]his Court owes no deference to an agency's interpretation that conflicts with the statute's unambiguous text." *Bethancourt Soto*, 807 F. Supp. 3d at 408 (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400-01 (2024)).

3 "If possible, every word and every provision is to be given effect (*verba cum effectu sunt accipienda*). None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 174 (Thomson/West eds., 1st Ed. 2012).

1225(b)(2) violates the rule against surplusage. If 'an applicant seeking admission' is the same as 'an applicant for admission,' then 'seeking admission' is surplusage. Congress has also recently adopted provisions in § 1226 that would be made superfluous under the government's interpretation. If a noncitizen enters the country illegally and is subsequently convicted or charged with certain crimes, these new provisions require that noncitizens be detained without a bond hearing. Under the government's interpretation, § 1225 would require such mandatory detention regardless of criminal charges or conviction. If this was the case, Congress would have no need to create additional requirements for mandatory detention.").

According to Respondents, the INA expressly permits them to detain Petitioner without bond as an "arriving alien." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). But Respondents interpretation of the INA "would permit it to treat an immigrant who was inspected at the border and paroled into the United States 'as seeking admission' even if that person arrived in the country years ago." *Saidov*, 2026 WL 789087, at *1. Similarly, Respondents' interpretation of the INA fails to account for the fact that Petitioner was already in the United States for approximately two years when he was apprehended and arrested by Respondents. *Id.* Because Respondents granted Petitioner discretionary parole and released him into the United States in 2024, that "means that he is no longer 'seeking

admission' within the meaning of 8 U.S.C. § 1225(b)" at the time he was arrested and detained.[4] *Id.*, at *3. Accordingly, the Court will grant the petition.

Petitioner's request for fees and costs under the Equal Access to Justice Act will be held in abeyance pending the receipt of a fee petition. *Michelin v. Warden Moshannon Valey Corr. Cent.*, 169 F.4th 418 (3d Cir. 2026) (allowing fees under EAJA in immigration habeas proceedings under 28 U.S.C. § 2241).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be granted because his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing is unlawful. Because the Respondents maintain that a bond hearing is not required and the Respondents' interpretation is inconsistent with the INA, Respondents will be directed to immediately release Petitioner Andres Camilo Herrera Fonseca from the custody of the Warden of Pike County Correctional Facility and file a declaration pursuant to 28 U.S.C. § 1746 confirming that Petitioner has been released from custody. *See Boumediene v. Bush*,

---

[4] Nor does the "entry fiction doctrine" change the Court's conclusion. *Gagiev*, 2026 WL 679119, at *11 (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 73 S.Ct. 625, 93 L.Ed. 956 (1953); *Dept. of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 S.Ct. 1959, 207 L.Ed.2d 427 (2020)). The entry fiction doctrine, "treats noncitizens parolees—for due process purposes—as if they remain at the U.S. border." *Id.* Pursuant to the entry fiction doctrine, the due process rights of "an alien on the threshold of initial entry" is limited to "[w]hatever the procedure authorized by Congress is." *Shaughnessy*, 345 U.S. at 212. The Court finds that the procedure authorized by Congress for persons like Petitioner "who had been paroled into the United States and developed substantial connections within it prior to their detention, is detention pursuant to 8 U.S.C. § 1226—not § 1225." *Gagiev*, 2026 WL 679119, at *11. It will thus adopt the same approach as Judge Kelly of the Eastern District of Pennsylvania in *Gagiev* and conclude that the "entry fiction doctrine" does not apply to Petitioner and that his detention is pursuant to 8 U.S.C. § 1226. *Id.* at *11-12.

553 U.S. 723, 779 (2008) (acknowledging that a habeas court has "the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted."); *see also Bethancourt Soto*, 807 F. Supp. 3d at 410 (ordering immediate release); *Flores Obando*, 2025 WL 3452047, at *3 (same); *Kashranov*, 2025 WL 3188399, at *8 (same); *Patel*, 2025 WL 3516865, at *6 (same).

Respondents will further be permanently enjoined from detaining Petitioner under 8 U.S.C. § 1225(b), absent a compelling change in circumstances. *See Bethancourt Soto*, 807 F. Supp. 3d at 410 (permanently enjoining respondents from detaining petitioner under § 1225 where petitioner did not file a motion for temporary restraining order or motion for preliminary injunction); *see also Maldonado*, 2025 WL 2985256, at *7 ("The Court grants the writ of habeas corpus and orders Respondents to release Petitioner within 24 hours. . . . Following Petitioner's release, Respondents are permanently enjoined from rearresting or otherwise detaining Petitioner under § 1225(b)(2)."); *Patel*, 2025 WL 3516865, at *7

If Respondents elect to later detain Petitioner under 8 U.S.C. § 1226(a), the Respondents must provide Petitioner with notice and an opportunity to be heard at a timely individualized bond hearing where an IJ will assess whether he is a danger or flight risk. A separate Order follows.

Robert D. Mariani
United States District Judge